No. 21,678.

THE YOUNG MEN'S CHRISTIAN ASSOCIATION OF HUTCHINSON, *Appellee,* v. C. N. SENTNEY, *Appellant.*

SYLLABUS BY THE COURT.

SUBSCRIPTION PLEDGE—*Default—Evidence—Instructions—Verdict.* The controversy presents merely a question of fact which was determined upon sufficient evidence, and there being no error in respect to the instructions, it is held that the verdict must stand.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed July 6, 1918. Affirmed.

*W. G. Fairchild,* and *H. S. Lewis,* both of Hutchinson, for the appellant.

*Warren H. White,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to recover on a pledge signed by the defendant July 27, 1913, for $500 payable in installments, "If enough subscribed to pay up the indebtedness this campaign." The answer alleged that the subscription was conditional upon enough being subscribed to pay off the indebtedness during a certain campaign started in July, 1913, and abandoned shortly thereafter without raising the required amount.

It appears that there was a debt of about $16,000, and a campaign was begun in the spring of 1913 to secure subscriptions enough to cover this amount. It became essential to ascertain what was meant by "this campaign." There was considerable testimony as to this matter, the secretary of the association testifying that the board never determined a formal date for the beginning or close of the campaign, and that the subscriptions were actually completed in December, 1914, and a report that a sufficient amount had been raised was made in January, 1915. The defendant regarded the campaign closed in the fall of 1913, but several other prominent and active members of the plaintiff's board of directors testified that it had not closed until 1915. There was testimony that in December, 1914, the defendant was asked to increase his subscription to $600 and declined, saying he thought $500 was enough for him to give.

In addition to the general verdict for the plaintiff, the jury in answer to a special question found that, while there was no direct evidence that the defendant advocated an extension of the campaign, he did say that his $500 subscription would stand. While it is to be regretted that a misunderstanding should have arisen with as liberal a subscriber as the defendant appears to have been, the case presented to the jury was a fact case which upon sufficient evidence was determined adversely to him.

Complaint is made of certain instructions given, and still more of those requested and refused. A careful examination of them all, however, convinces us that no error was committed in respect to either those given or those refused. The result reached by the jury, therefore, cannot be disturbed.

The judgment is affirmed.